# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

National Surety Corporation,              :
                                          :
            Plaintiff,          :
                                          :
          v.                  :          CIVIL ACTION NO.
                                          :          1:08-cv-03836-JOF
Security, Protection, Investigation       :
Services, Inc.,                           :
                                          :
          Defendant.          :

## OPINION & ORDER

This matter is before the court on Plaintiff's motion to dismiss [13].

Plaintiff filed suit on December 19, 2008 against Defendant Security, Protection,

Investigation Services, Inc. Two fires occurred in May 2008 at a vacant apartment complex

owned by Summit Real Properties, Inc. Plaintiff issued an insurance policy to Summit that

covered the apartment complex. Summit also allegedly had a contract with Defendant,

whereby Defendant was to provide a security officer to patrol the apartment for fires.

Plaintiff contends that Defendant did not provide a security officer as required, which

resulted in two fires occurring on the property. Plaintiff asserts causes of action for

negligence and breach of contract. Defendant answered on January 1, 2009. The parties have

exchanged initial disclosures, and the court approved the parties' joint preliminary report and discovery plan. Otherwise, little action has occurred in this case.

On July 23, 2009, Plaintiff filed this motion to dismiss without prejudice. In its brief, Plaintiff states that it "has learned that [Defendant] has no liability insurance covering [P]laintiff's claims, nor does it appear to have sufficient assets to respond to a potential $400,000.00 judgment." D.E. [13-1], at 1-2. Plaintiff claims it was not aware of this prior to filing suit, and while Plaintiff believes that its claims against Defendant are valid, prosecuting this action at the present time would be "futile." Plaintiff further states it attempted to get a stipulation of dismissal from Defendant, but it has "not received a firm response either way." D.E. [13-1], at 2. Defendant has not objected to or responded to Plaintiff's motion.

Pursuant to Fed. R. Civ. P. 41(a), after the Defendant has answered, Plaintiff cannot voluntarily dismiss the case without a court order. Plaintiff requests such an order from this court dismissing the present case without prejudice. "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit,* as a result." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis added) (internal quotations omitted). Defendant has offered no reason why this case should not be dismissed, and the docket shows that little has been done by either party, so Defendant has not been put to considerable expense or

2

effort in litigating this matter. There is also no evidence that Defendant will suffer clear legal prejudice from dismissal of this suit. The court considers the terms of Plaintiff's dismissal proper, and under the discretion given the court by Fed. R. Civ. P. 41(a)(2), GRANTS Plaintiff's motion to dismiss WITHOUT PREJUDICE [13]. The Clerk of Court is DIRECTED to DISMISS WITHOUT PREJUDICE Plaintiffs' complaint [1-1].

**IT IS SO ORDERED** this 8th day of December 2009.


                              /s   J. Owen Forrester
                              J. OWEN FORRESTER
                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)